# EXHIBIT A

FILE #120412-02-1/lfp

DATE OF FILING:
INDEX #:

Plaintiff designates
Bronx County
as the place of trial.

The basis of venue is
Plaintiff(s) residence.

Plaintiff resides at
3845 Sedgewick Avenue
Bronx, New York
County of Bronx.

SUPREME COURT STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------------X
LISA JONES,

                              Plaintiff,
                                             SUMMONS

        -against-

EIB RIVERDALE CROSSING LLC and
BJ'S WHOLESALE CLUB, INC.,

                              Defendants.
--------------------------------------------------------------------------------X
To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within –20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                        JACOBY & MEYERS, LLP
                       Attorneys for Plaintiff(s)
                       C/O PROCESSING CENTER
                   1279 Route 300, Box 1111
                    Newburgh, New York 12551
                         1-845-562-0203

                        *Edward M. Steves*
_____
               EDWARD M. STEVES, ESQ., of Counsel

Dated: October    , 2020.
DEFENDANTS' ADDRESS:
SEE VERIFIED COMPLAINT

File #120412-02-1/lfp

```
STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX
---------------------------------------x
LISA JONES,

                        Plaintiff,

        -against-                          VERIFIED COMPLAINT

EIB RIVERDALE CROSSING LLC and
BJ'S WHOLESALE CLUB, INC.,

                        Defendants.
---------------------------------------x
```

Plaintiff, by attorneys, JACOBY & MEYERS, LLP, as and for the Verified Complaint, herein alleges the following:

      AS AND FOR A FIRST CAUSE OF ACTION ON
      BEHALF OF PLAINTIFF, LISA JONES

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was and still is a foreign limited liability company duly incorporated within the

State of Delaware.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was and still is a foreign limited liability company authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was and still is a business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was and still is a limited liability company authorized to do business in the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was and still is a foreign corporation duly authorized and doing business within the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was and still is a business entity doing business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CORSSING LLC, was the owner of a certain premises, located on 23 7th Street, located in Bronx, County of Bronx, State of New York, known as "BJ's Wholesale Club".

11. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was the managing agent of the aforesaid premises.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, maintained the aforesaid premises.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, managed the aforesaid premises.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, controlled the aforesaid premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, operated the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was the lessee of the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, was the lessor of the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CORSSING LLC, was the owner of a certain rooftop parking lot premises, located on 23 7th Street, located in Bronx, County of Bronx, State of New York, known as "BJ's Wholesale Club".

19. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, maintained the aforesaid rooftop parking lot premises.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, EIB RIVERDALE CROSSING LLC, controlled the aforesaid rooftop parking lot premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was the owner of a certain premises, located on 23 7th Street, located in Bronx, County of Bronx, State of New York, known as "BJ's Wholesale Club".

22. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was the managing agent of the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., maintained the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., managed the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., controlled the aforesaid premises.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., operated the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was the lessee of the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was the lessor of the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., was the owner of a certain rooftop parking lot premises, located on 23 7th Street, located in Bronx, County of Bronx, State of New York, known as

5

"BJ's Wholesale Club".

30. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., maintained the aforesaid rooftop parking lot premises.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, BJ'S WHOLESALE CLUB, INC., controlled the aforesaid rooftop parking lot premises.

32. That at all times hereinafter mentioned, the rooftop parking lot, more specifically the handicapped parking area near a certain concrete parking barrier, of the aforesaid premises was the situs of the within incident.

33. That on or about the 23rd day of March, 2019, this plaintiff was lawfully walking upon the aforesaid rooftop parking lot premises.

34. That on or about the 23rd day of March, 2019, while this plaintiff was lawfully walking upon the aforesaid rooftop parking lot premises, in the handicapped parking area near a certain concrete parking barrier, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

35. The accident and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

36. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless, in among other things, allowing, causing and/or permitting dangerous, hazardous and unsafe conditions to exist on the aforesaid rooftop parking lot premises; in allowing, causing and/or permitting a concrete parking barrier to be placed and/or extend into a handicapped parking space in an area where persons were known to walk; in acting with reckless disregard for the safety of others; in hiring inept, incompetent and/or unskilled employees, and in other ways being negligent, wanton, reckless and careless.

37. The limited liability provisions of the C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

38. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

39. That as a result of this accident, this plaintiff was caused to sustain severe and serious personal injuries to her mind and

body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

40. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants and each of them as follows:

(1) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just in the First Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,

JACOBY & MEYERS, LLP
Attorneys for Plaintiffs
Office & P.O. Address
c/o Processing Center
1279 Route 300, Box 1111
Newburgh, New York 12551

BY:_____
    EDWARD M. STEVES, ESQ.
    Of Counsel

TO: EIB RIVERDALE CROSSING LLC
    BJ'S WHOLESALE CLUB, INC.
    Defendants
    c/o Secretary of State
    1 Commerce Boulevard
    Albany, New York 12231

STATE OF NEW YORK, COUNTY OF ORANGE        ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff. I have read the annexed Verified Complaint know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Facts and information contained in deponent's file. The reason I make this affirmation instead of the plaintiff is because the plaintiff resides outside of county where deponent maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: October     , 2020.

_____
EDWARD M. STEVES, ESQ.
Of Counsel